

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00058-CV

_____


IN THE INTEREST OF A.A. AND A.A., CHILDREN


On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 90069


Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

The sole question posed in this appeal from the termination of Mother's parental rights to her children, A.A. and A.A., is whether the trial court had jurisdiction when it terminated those rights.[1] Because the trial court had jurisdiction, we affirm the termination.

The Department of Family and Protective Services brought a petition for protection of a child, for conservatorship, and for the termination of Mother's parental rights. Following a bench trial, the trial court found that termination of the parent-child relationship was in the children's best interests, and it terminated Mother's parental rights pursuant to Section 161.001(b)(1), grounds (D), (E), (I), (N), (O) and (P). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (I), (N), (O), (P). Mother appeals, maintaining that, although the trial court properly extended, by 180 days, the one-year deadline for disposition of the case, it did not dispose of the case within that extended period of time. Mother therefore contends that the trial court was without jurisdiction to terminate her parental rights to her children.[2] We disagree and affirm the trial court's judgment.

The controlling statutory language is in Section 263.401 of the Texas Family Code:

(a)    Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), *on the first Monday after the first anniversary* of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests

[1]To protect the children's privacy, we refer to appellant as Mother and to the children by initials. *See* TEX. R. APP. P. 9.8(b)(2).

[2]At trial, Mother made no objection to the trial court's alleged lack of jurisdiction. However, "[j]urisdiction may be raised for the first time on appeal by the parties or by the appellate court." *See In re A.W.*, 623 S.W.3d 519, 521 (Tex. App.—Waco 2021, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

2

termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

(b)    Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

(1)    schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

(2)    makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3)    sets the trial on the merits on a date not later than the date specified under Subdivision (1).

TEX. FAM. CODE ANN. § 263.401(a), (b) (Supp.) (emphasis added). Here, the Department was granted temporary managing conservatorship of the children on January 26, 2021. At that point in the proceedings, the deadline for dismissal would have been the first Monday following Wednesday, January 26, 2022, which was Monday, January 31, 2022. *See id.*

On November 3, 2021, the trial court entered a permanency hearing order before final order in which it found that, pursuant to Section 263.401(b), there existed "extraordinary circumstances" that required the children to remain in the temporary managing conservatorship of the Department and that it was in the children's best interests to make that finding. *See* TEX.

3

FAM. CODE ANN. § 263.401(b). Based on those extraordinary circumstances, the trial court ordered an extension of not more than 180 days and retained the case on its docket. The trial court correctly determined in its order that the new dismissal date would be July 30, 2022. On July 27, 2022, the trial court commenced and concluded the trial on the merits, some three days before the dismissal date of July 30, 2022. Consequently, the trial court retained its jurisdiction to enter its order terminating Mother's parental rights.

Yet, Mother contends that the case was not concluded within the 180-day extension of the disposition deadline. Mother calculates the relevant date as follows: "An initial order was entered on January 26, 2021, the one-year and 180 days extended deadline therefore ended on July 26, 2022, and the trial commenced . . . July 27, 2022." Consequently, according to Mother, the trial court lost jurisdiction one day before the commencement of trial. We disagree.

Mother overlooks the language in Section 263.401(a) stating that the initial dismissal deadline falls on the *first Monday following the one-year anniversary* of the entry of the order granting the Department temporary managing conservatorship of the children, which, in this case, was Monday, January 31, 2022. *See* TEX. FAM. CODE ANN. § 263.401(a). It was from that date that the extension of 180 days was counted, resulting in the July 30, 2022, deadline. This is made evident by the reference to subsection (b), which states that "the court may retain the suit on the court's docket for a period not to exceed 180 days *after the time described by Subsection (a)*." TEX. FAM. CODE ANN. § 263.401(b) (emphasis added).

4

Because the trial on the merits commenced, and was disposed of, before the extended dismissal deadline of July 30, 2022, the trial court had jurisdiction to enter the order terminating Mother's parental rights to her children, A.A. and A.A. We overrule Mother's point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 1, 2022
Date Decided:       November 9, 2022